Madam clerk, will you please call the first case? Good morning. My name is Ben Walaski. I represent the appellant Christopher Hardin on behalf of the office and state appellant defender I will probably use about 15 minutes for argument and maybe three for rebuttal. Very good. Mr. Willis Good morning counsel. Good morning, Your Honors. My name is Katherine Sherrill on behalf of the people of the state of Illinois And I would request our allotted time Which is 20 minutes or whatever. It's gonna take 20 minutes. In case this court might have some questions. Okay, very good Well, this is the only case up. I think you'll be able to give your client all the process there, too Hopefully I won't need all of the time, but that's very good. I request. I'm sorry. That's okay I request that both of you keep your voices up. Thank you Okay, counsel. Would you spell your last name, please? S-C-H-I-E-R-L. Okay, and you pronounce it? Sherrill. Sherrill. Okay, very good Mr. Walaski. Okay, you may proceed with the argument Thank you May it please the court. I'd like to address the first two issues that we raised in our brief this morning Turning to the first one One of the issues the trial court had to decide was whether Christopher Harden knew at the time He fired the shot, but the car the undercover car was occupied by police officers Looking at the trial court's own words the court Reached its answer to that question before Harden even testified Because the court prejudged Harden's guilt on this one element of the offense Harden was denied due process and the right to a fair trial And he should receive a new trial on the charges of aggravated discharge of a firearm I think the best place to begin is to look at what the court actually said During his findings of facts and conclusions of law the court made two statements regarding Prejudgment first was what else did he do? What else tells me before he even testified that he knew it was a police car a few lines later The court then said that's where I am before he even testified That's why I believe the state had proven ultimately taking that into consideration I can understand why the state was able to prove that he knew it was the police if we look at these Which was the key element of the aggravated discharge offense The court is taking us back in time to what was happening during the trial So the fact that his comments come after the close of evidence is not really as important as the state would like this court To believe it doesn't the statement also come come after the conclusion of all the testimony after all the evidence is there And isn't this the trial judge's Summarization of the evidence it is and notwithstanding that fact you still take the position he prejudged What he was going to do in this I do The judge himself said this is where I am before he even testified. He the defendant he the defendant Yes He's saying he made up his mind on this one element of the offense Before Hardin even took the stand to explain his side of the case. I think justice Is Is asking the question whether it's At this juncture at the close of the state's case That the trier fact has concluded the case has tried has proven beyond a reasonable doubt or not It's at that juncture We sing this after after the cause of all the evidence after the defendant has testified He said that it's true Face it looks terrible. But before that didn't he say well again, we have the defendants own testimony Did he say that before he came to these two statements? He did and the judge considered the testimony of the defendant first He goes through the testimony of the defendant as he's making his findings and conclusions. He assesses the defendants credibility He says I don't find mr Hardin to be a credible witness at all and that's fine The judge is certainly allowed and in fact supposed to make credibility determinations, but this isn't simply a credibility determination Here we have the judge saying I've made up my mind on this issue before he even says but I do believe you fired At that vehicle, I believe it not just because you testified Okay, so he's considering the testimony with these two statements that he made. Yes. I think you're taking out of the context Well, there's two things the judge had to decide. The first is was there even a shot fired toward the vehicle. Mr Hardin knowledge on the same that he fired toward the other victim. Mr. Sharp. That's clear That's not an at issue in this appeal. Is there a question? It is a fact question. Mr. Hardin testified He never shot toward the vehicle. It was in his written statement that he never fired at the vehicle. He testified a trial He didn't shoot at the vehicle. And what did he say about that testimony a trial judge the trial judge? Found it to be incredible. He didn't choose to believe that that's fine The second issue though, and that's where the judge's statements here come into play is okay Assuming he shot at the vehicle. Did he know at the time he fired the shot that it was occupied by police officers? That's the key and that's what subsection a four of the aggravated discharge statute requires knowledge at the time the shot is fired that the car is occupied by police officers and here on out here before we receive any Let me see it you can correct okay It is after the state has presented its case That either it has or has not met its burden What the defense has to offer does nothing to add to or diminish the state's case When the judge made these statements prior to hearing the defendant's account That had nothing to do with whether the state's case is sufficient to prove the defendant guilty or not If you accept that, then it seems to diminish what you consider to be prejudicial or prejudging by the trial court Well, I think the key Justice Salone is that this statement the state is by the judge came after the close of all the evidence We're not talking about the motion for directed finding that came up after the state's case and The judge found that the state had presented a prima facie case of aggravated discharge Right. So this is coming in the context of the judge having heard the defendant's testimony But the question before this court is did the court listen to what the defendant had to say? Did he have an open mind during the defense's case? Can you maintain the court didn't listen in spite of the fact it came after the close of the evidence? After closing arguments had been made after the court had ruled on a motion for a directed finding He makes these statements Summarizing the evidence before he renders his verdict. Is that correct? Close very close The nuance here is that the judge listened the judge was able to recount everything the defendant said, okay We have no problem with that. The judge listened took notes was able to recount everything He ruled on a motion for a directed time. He previously ruled on the motion right now at the close of trials making his findings He's saying I made up my mind on this issue this one element not the whole case Not everything just as one element of the offense. I've made up my mind before the defendant testified It's the as though the defense or that the judge said I'm not I'm not going to consider the defendant's verdict All right. I'm sorry. I'm not going to consider his his defense Murphy says you're taking it out of context. Tell us why I don't believe we are taking out of context because I think we Have explained that we're looking at everything the judge says here. He's making his credibility determinations He's making certain findings of fact and then at in the in the midst of all this He says this is where I am before the defendant even testified I'm making up my mind on this one issue before the defendant even testified I've already decided before the state or after the state's case that that I'm not going to listen to what the defendant says about What he knew or who he knew was in the car, but he had list He had all the evidence all the arguments and then he did this decision. Sure. You can listen and not have Your mind made up and that's the normal course of events or you can also listen even though you've already had your mind made up I'm going to listen to everything that miss Cheryl says when she comes up, but my mind on this case is already made up So I don't think the fact that the judge listened it is necessarily probative of the question Did he have an open mind while he was listening? And I think when when the judge says I'm I made up my mind on this issue before he even testified I think we have to take the judge at his word We're listening. We're not going to make up our minds until she does that. I appreciate that your honor. I Think It's okay, I Think if we look at the state's arguments Trying to explain or or maybe justify what the course is here I think it becomes clear that the only thing we're left with is pre-judgment The first thing the state says is that the court paid attention And as I've already explained paying attention and listening isn't necessarily the same thing as having an open mind Which is what the court is required to do The next thing that the state says well, he was simply referring to the motion for directed finding again, this isn't Involving the motion for direct defining this is coming at the close of the case. He certainly made the defense made a motion Previously and this is totally separate from that. So I don't think there's any basis for that argument The state next says the judge was simply making a credibility determination Which is under the case law certainly something the judge is allowed to do and again the judge already made a credibility Determination apart from these statements the judge already found. Mr That's within the judge's prerogative but this isn't simply making credibility determination a Guilty verdict would suggest that the defendant or that the judge didn't find the defendant credible That's it flows from the verdict that he was not a credible witness. What doesn't flow from the verdict is Pre-judgment a judge is not supposed to prejudge a defendant's guilt on an issue or an element So the two are not the credibility determinations is a separate matter from this so I don't think that explains what the court said here The state also says that this came at the end of trial and as I've explained what the judge said here is giving us a clear insight into what he was thinking at the time at the close of the state's case and Finally the state says well the judge was otherwise extremely fair He acquitted him of the attempt first-degree murder charges to that. We would say we're not attacking the judge's Overall bias this has nothing to do with whether the judge was Anti-defendant or anything This is simply a matter of the judge made up his mind on this one single element and the fact that the state didn't put forth a prima facie case of intent to kill Doesn't have any bearing on this matter So again, if we look at everything in the context, I think the judge's own words are the best Evidence we have here of the fact that he prejudged. Mr Hardin's guilt on this one element and that is enough under the case law to suggest that he Deserves a new trial one before a fair and impartial Judge who will listen to everything and wait to make up his mind until after all the evidence is concluded If there are other questions on that I'd like to shift gears and address the one act one crime aspect of the case Here. Mr Hardin was found guilty of two counts of aggravated discharge of a firearm One for each of the two officers that were in the car at the time section. It's uh Section 24 dash 1.2 a 4 a 4 is He was convicted. Yes, he was charged and convicted under a 4 which prohibits discharging a firearm in the direction of a vehicle he or she knows to be Occupied by a peace officer is one vehicle one vehicle one shot. It's clear. There was only one shot toward this vehicle So we have one shot for one vehicle That is one physical act and that can only sustain one conviction under King We don't have any case. We're charged with a 3 a 3 is certainly a different question. That's that's If he's fired one shot or two officers It would be a closer call I still think that it would be one conviction One conviction be proper based on the fact that there is only one physical act of one shot So we're dealing with a 4 we are under a 4 which is discharged toward the vehicle So under a 4 Because we're shooting at the vehicle, that's the grommet of of subsection a 4 if we look at This court's decision in Brayboyd the home invasion case we referred to There were three people in the house at the time. It was invaded This court found one count of home invasion to be proper because the key The grommet of that sect of that statute is the entry into the house It doesn't matter that there were three victims The word victim is not necessarily synonymous with the unit of prosecution So if we if we apply Brayboyd to this case One shot at one vehicle is one physical act and enough for one conviction The state relies on several cases that simply are too factually this distinct from from this situation If we look at these aggravated or I'm sorry armed robbery cases that the state looks at Butler and Lark You have a Taken by force from multiple people taking from one person. That's one act taking from a second person That's another physical act. You have two acts. There's no one act one crime problem The same is true of the cases involving murder or attempt murder and and aggravated discharge where there are multiple shots If one shot can be attributed to one victim and a second shot can be attributed to it toward a second victim Then you have two physical acts again. There's no one act one crime problem, but here where you have one shot Toward one one vehicle We have one physical act and that's that's enough. How would you distinguish people versus leech? Are you familiar with it? I am How would you distinguish that case from the facts in this case a leech is again? One of those situations where you have multiple shots toward multiple victims. I believe it was a second-degree murder conviction and an aggravated discharge so there The state could apportion the first shot for example toward the victim that died and make that a murder charge And then make the next shot Toward the other victim which again is charged under subsection a2 I believe which is discharged toward a person So in leech you have three shots in our case. You have one shot. Yes That's the that's the critical distinction multiple shots would certainly be multiple physical acts and under Crespo There's no reason why the state couldn't break them down like that But you do realize that the court at least said crimes committed against separate victims constitute separate criminal acts yes, and That's why I think we need to be careful how we define victim We're not necessarily looking at the Blacks Law Dictionary version of someone who was harmed by a crime Who's the the victim in your case certainly both officers could be considered a victim under the broad? Definition of victim they were both would be under a3 Under a3 under a3 if they're charged at a3 it would be multiple victims there be multiple victims One victim I suggest and that's the vehicle I'm not suggesting the vehicle is is a poor says or the vehicle knowing to be occupied. Yes I'm not suggesting that the vehicle itself is the victim I think that would be sort of a foolish way to interpret the statute what I am suggesting is that's the unit of prosecution That's the gravamen of the statute is shooting toward an occupied vehicle and when it's done one time We only have enough for one single conviction So we're a3 says Discharges a firearm in the direction of a person whereas a forces Discharges a firearm in the direction of a vehicle. Yes, you're saying that a4 applies to vehicles When there are people inside a vehicle yes a for a peace officer is in the vehicle. Yes, okay? Yes So again, I don't think it's it's necessarily charging him with being the victim the car being the victim. It's damaged the property Sort of it's sort of a hybrid. It's it's a hybrid of a property offense and an offense for a person I think I'm with okay. Well again. I think that's why home invasion makes Appropriate analogy. It's sort of a property crime It's sort of a crime against people And that's why we look at the unit of prosecution or the gravamen of the statute and that's under a for shooting at a vehicle An occupied vehicle not just shooting at a car Reckless discharge for that certainly, but we're looking at aggravated discharge toward an occupied vehicle By more than one person one shot Again I think both people people how many there are would be victims in the in the everyday sense of the word victim They will be harmed by the offense. They were shot at certainly But here again. It's not just about how many victims there are it's how many acts toward those victims and how is how is the Statute defined that's why this is sort of a one act one crime issue. It's sort of a statutory construction It's a little bit of both we have to look at How it's described how many acts do we have we have one physical act of shooting one one? Bullet, you know how many or how is that I was the unit of prosecution described It's described as an occupied vehicle so where we have one shot at one vehicle. We suggest that is one crime and Mr. Harden's second conviction for aggravated discharge under a four should be vacated If there are no other questions, I was just simply respectfully ask this court to reverse Mr. Harnes convictions and remain for a new trial or again vacate this extra aggravated discharge count. Thank you Founders may it please the court Defendants first claim that the trial court was biased and prejudged his guilt is belied by the instant record which Demonstrates that no error occurred in this case Review of the record here indicates that the trial court conducted an eminently fair trial Nearly a perfect one where the judge actually acquitted defendant of the three most serious charges against him the attempt murder Charges in part because he believed defendant when he said when he told the officer I didn't mean to shoot at you or your partner in fact defendant only takes issue with a Few isolated remarks made by the trial court after the close of the evidence During its lengthy summation of the case of all the evidence adduced in this case His attempt to capitalize on these isolated remarks is unfair and Unreasonable based on the presumption that and it's based on the presumption that the trial court did not know what it was doing However, the court is cloaked with a presumption of impartiality and the record does not support Defendants claim that the trial court prejudged his guilt prior to his testimony Rather defendant presents an unreasonable interpretation of the trial court's meaning when it said quote That's where I am before he even testified unquote in Context reviewing the trial court's summation of the entire evidence here It's clear that the trial court began with defendants case and his own testimony in particular Initially the court noted that during defendants testimony He himself admitted that he shot a loaded gun at Murphy and that he knew the m-car was a police car Much to the trial court's surprise Who found that that was sufficient to to establish the knowledge element of this crime? Correctly noting the state's burden of proof the trial court then turned to the state's case in chief During its summation and and discussed the evidence that was adduced during the state's case Which in fact corroborated defendants trial admissions That is the credible testimony of the officer that defendant ran when the car approached him despite the fact that he had a loaded gun and That he ditched the gun despite the fact that he could have used it for self-defense Even defendant admitted that he ran and he ditched the gun during his own testimony as a trial fact the court properly Drew the reasonable inference as to why defendant did these two things Because he knew the m-car was a police car and he knew that it was occupied by police officers so when the trial court said That's where I am before he even testified He was properly referring to the evidence adduced in the state's case in chief Before defendant presented his case and he certainly didn't prejudge defendants guilt Defendant as the appellant Has to show an affirmative error on the record under any standard of review His speculation and his misinterpretation of this remark is certainly not enough to meet his burden and overcome the presumption of impartiality Cloaking the trial court with respect to his forfeiture in Feria 402 ill app 3rd 475 this court recently refused to apply sprinkle to a claim of trial court bias and in and that was a far more egregious case and Under either plain error prong defendant still has to show that clear error occurred and he has failed to meet this burden This court should therefore affirm his convictions Next with respect to the second issue defendant. He erroneously claims that subsection a for Authorizes only one conviction for the discharge of firearm in the direction of an occupied police vehicle Unlike the home invasion statute that defendant uses to come as comparison There's nothing in the plain language of this statute when you read a three and a four together Isn't there a difference the only difference is that one? addresses When police are in a vehicle and the other one adjusts this police period whether they're in a vehicle or not That's shooting at the individual shooting at a vehicle is a fool. Yes, three is shooting at individuals Yes, they weren't charged with it. I don't know why but this all right this state The state can charge it under any under either section In fact, if you look in a two with reference to non-police personnel, they're combined Vehicle or in the direction of a person so the state in his prosecutorial discussion can charge it under a three or a four Three single shot a single vehicle there weren't multiple vehicles. There was a single vehicle as I understand. Is that right? Yes, that's right. But that is of no movement. That is not the Intent of any acts. Do you have in this case? How many times do you fire? We have one gunshot one gun one shot We have two potential victims. The discharge offense is complete You charge them under a fourth you charging them under a three. I could more accept your argument So again, tell me the difference the difference is that we have in this case we have two officers in a vehicle So we charge them under the provision that provides for shooting in the direction of a vehicle For prohibits discharging a weapon in the direction of a vehicle a three prohibits discharging a weapon in the direction of a person Yes, that that's how they did those two statutes different, right? Here you exercised your discretion charged a four Yes charged under a four right? Okay So we have to consider the fact that there's one shot one vehicle show us how we have You can get two crimes out of that. You have two victims because the Legislative intent and the purpose of the statute isn't to isn't to protect against property damage to the vehicle It's to to protect officers three covers Shooting at an individual or individuals shooting at persons a four Gives you an option say okay. Let's just go after shooting at a vehicle Occupied Yes When you shoot at a vehicle occupied by an officer you're shooting in the direction of all the people in the car Yes yes, there's nothing in the plain language of the statute and there's no problem under the one act one crime doctrine because you have multiple victims and only interpreting it to give effect to Interpreting it and constrain it in the way that to protect each and every potential victim in the car is the only way to give effect to the Legislative intent to protect police officers from people who shoot at them a to in fact combines both You it says shooting if referring to a non-police personnel Shooting it in the direction of a person or shooting in the direction of an occupied vehicle So the legislature there's A3 was necessary In case there's policemen on foot patrol and they're shot at so that's the difference that A3 also covers also covers police that are not in a vehicle a four covers all the police in the vehicle as well It's a discharge Offense it's complete upon the discharge of that one bullet Either officer was a potential victim of potential injury that bullet had a great Possibility that it would ricochet in that confined quarters and it could have hit or hurt both officers Both officers are the intended Victims and and the people that the legislature intended to protect from the potential harm That's a result of gun violence They were both threatened with the same inherent danger and they were each separate victims of that one gunshot While they were both in the car. They were properly charged under Crespo. These two counts were properly charged under Crespo and Construing the statute without the limitation defendant is seeking is the only way to give effect to the intent and the danger posed to each and Every victim that defendant put in harm's way when he fired the gun at that occupied vehicle The legislature clearly is not concerned with property damage Counsel, how would you distinguish people versus leech from our case your opponent maintains? It's because three shots were fired. How would you distinguish those two cases, but that case from our case? Well, one distinguishing factor would be that multiple shots were fired. However that if if Let's say he makes the same claim with respect to the armed robbery Authority if my husband and I are walking our champion show dog on the sidewalk and a man comes up and Takes takes the dog from us With a gun we're both victims of a separate robbery and there's only one taking so It's it's Defendants bullet Place each officer in equal danger and they were each the people both of them were the people that the legislature intended to protect with this statute so The bullet Could have hit both if if it did injure both there would be two could be to attempt murder charges here If it if it killed both there could be two murder charges here So it's absolutely appropriate for there to be two aggravated discharge of a firearm Convictions in this case and we would ask this court to affirm defendants convictions for these reasons and those stated in our brief Thank you, mr. Thank you Mr. Woloski, do you have any rebuttal? Keep it short your honor. It's just three quick points. Take your time. Thank you The first thing I would say is Factually, mr. Harden didn't say he knew this was a police car at the time The bullet was fired At some point that afternoon it became clear to him that the police officers were involved Okay, the key is when did that come up? He says he didn't know at the time He said he didn't see the M plate on the front of the car again This is a gray unmarked Crown Vic could have been police car could have been a taxi cab could have been a civilian car It was speeding toward him at about 25 or 30 miles an hour across this field Wouldn't give him much time to look at the license plate and say oh, yeah, that's a police car The second issue I want to say just about the forfeiture question. No, isn't it? That is a fact question. Yes And again, that's just something that we would suggest that the trial court should have waited To hear everything before he made up his mind on this one factual aspect again, the state Mentions forfeiture and whether or not the sprinkle doctrine applies whether or not the evidence is close about we saw the situation where we're dealing With a substantial right the right to a fair trial is certainly one That would qualify as a substantial right and the fifth district in McDonald recognized it as such and found plain error applicable So regardless of the forfeiture, I think we have Satisfied at least the second prong of plain error. The state doesn't challenge that in their brief They don't challenge it this morning before you so I think we're we have we've met our burden on on that aspect the other thing I would say Is simply that the state has discretion on how to charge offenses. We're not challenging that we have no problem with it They have to live with the consequences of those decisions and how they charge things. They charge these offenses Excuse me under a for Shooting at the vehicle not a three because there was only one shot toward one vehicle. There's only one crime Thank you very much Thank you. I want to compliment the attorneys on their briefs and their arguments This matter will be taken Under advisement and this court stands in recess